In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3641

E.F. TRANSIT, INC.,

*Plaintiff-Appellant*,

*v.*

DAVID COOK, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-01927-RLY-MJD — **Richard L. Young**, *Judge*.

ARGUED APRIL 10, 2017 — DECIDED JANUARY 2, 2018

Before EASTERBROOK, ROVNER, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. E.F. Transit, Inc., is a motor carrier licensed in the state of Indiana to transport beer, wine, and liquor. In an effort to expand its business, E.F. Transit entered into talks with Indiana Wholesale Wine & Liquor Company, a liquor and wine wholesaler, to deliver its wares. Twice the parties sought a regulatory green light from the Indiana Alcohol and Tobacco Commission, the agency tasked with enforcing Indiana's alcoholic beverage laws.

Twice the Commission noted concerns with the arrangement under Indiana's prohibited-interest laws, which require strict separation of beer and liquor wholesaling. The obstacle was that E.F. Transit shares the same ownership and management as Monarch Beverage Company, Inc., a licensed beer and wine wholesaler. Based on the overlap, E.F. Transit might be deemed to hold an interest in Monarch's beer wholesaling permit, which might in turn block its venture with Indiana Wholesale.

The Commission never definitively ruled on the proposed arrangement, but the regulatory cloud scuttled the budding business relationship. E.F. Transit and Indiana Wholesale broke off their plan. E.F. Transit then brought this suit for declaratory judgment and injunctive relief, arguing that enforcement of Indiana's prohibited-interest statutes is preempted by federal law. The district court dismissed the claim as unripe based on the aborted business relationship and regulatory uncertainty. E.F. Transit appealed.

In the meantime, separate litigation moving through the state courts was poised to resolve the predicate state-law question: In light of their shared ownership and management, does E.F. Transit hold an interest in Monarch's beer wholesaling permit under Indiana's prohibited-interest laws? While this appeal has been underway, the Indiana Supreme Court delivered an affirmative answer, holding that E.F. Transit and Monarch are "not just … two separate entities conducting close business transactions" but are "practically one in the same" under the prohibited-interest laws. *Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 379 (Ind. 2017).

That ruling—and the standing threat of prosecution—are enough to remove any ripeness barrier to this suit. E.F. Transit need not violate the law and expose itself to punishment to raise its preemption claim. We reverse and remand for further proceedings.

## I. Background

Indiana regulates alcohol distribution "along two dimension: three tiers of the distribution chain (producers, wholesalers, and retailers) and three kinds of alcohol (beer, liquor, and wine)." *Monarch Beverage Co. v. Cook*, 861 F.3d 678, 680 (7th Cir. 2017). The state regulatory scheme generally prohibits permit holders in one tier of the distribution chain from holding an interest in a permit in another tier. *Id.* And state law also limits the issuance of permits *within* the distribution tier by type of alcohol. *Id.* As relevant here, Indiana's prohibited-interest laws require the separation of beer and liquor wholesaling by prohibiting the holder of an interest in a beer permit from acquiring an interest in a liquor permit and vice versa. IND. CODE §§ 7.1-5-9-3(b), -6(a). A violation is punishable as a Class B misdemeanor. *Id.* §§ 7.1-5-9-3(c), -6(b).

E.F. Transit is an Indiana motor carrier engaged in the business of warehousing and transporting beer, wine, and liquor. Its largest customer is Monarch Beverage, a licensed Indiana beer and wine wholesaler. E.F. Transit and Monarch are closely related corporations: they have the same owners, directors, CEO, address (Monarch leases warehouse space from E.F. Transit), and even (for the most part) the same workforce. But they are legally distinct as a matter of Indiana corporate law.

In 2009 E.F. Transit entered into a tentative agreement to provide transportation, warehouse, and delivery services for Indiana Wholesale, a wine and liquor wholesaler. Under the arrangement E.F. Transit would obtain alcohol products from Indiana Wholesaler's suppliers, transport the products to its warehouse for storage and sorting, and package and deliver the products to retailers and dealers—sometimes in tandem with its Monarch deliveries if the destinations were the same.

In furtherance of the new venture, Indiana Wholesale applied to the Commission to transfer its permit warehouse location to E.F. Transit's location, a regulatory prerequisite. A staff attorney had preliminarily reviewed the proposal; her quick-look assessment was positive, but the Commission did not immediately approve the arrangement. After a delay of six months, the Commission ordered a full investigation and eventually issued a report identifying a possible violation of the state's prohibited-interest laws. Specifically, the Commission noted E.F. Transit's common ownership with Monarch and observed that although E.F. Transit was not itself a beer wholesaler, it had an indirect interest in Monarch's beer wholesaling permit. That in turn could be an impediment to the proposed relationship between E.F. Transit and Indiana Wholesale. In light of the regulatory skepticism, in 2010 Indiana Wholesale withdrew its application without waiting for a formal decision from the Commission.

In 2012 E.F. Transit and Indiana Wholesale tried again. This time they proposed a narrower agreement. E.F. Transit would transport and deliver products for Indiana Wholesale in exchange for a flat, per-case fee. Unlike the previous

agreement, E.F. Transit would not lease warehouse space to Indiana Wholesale, though Monarch's products would be commingled with Indiana Wholesale's on the warehouse floor and in E.F. Transit's delivery trucks. Although this new agreement did not require regulatory clearance, Indiana Wholesale conditioned its involvement on the Commission's approval.

To satisfy that condition, E.F. Transit asked the Commission to bless the new arrangement. After another investigation, the Commission flagged the same potential violation of the prohibited-interest statutes. In a letter to E.F. Transit, the Commission's chairman explained the concern about potential prohibited interests but stated that the Commission would not give legal advice and advised E.F. Transit to consult with an attorney.

Indiana Wholesale construed the chairman's letter as a denial and withdrew from the agreement. E.F. Transit then sued the Commission and its individual commissioners to block enforcement of the prohibited-interest laws on grounds of federal preemption. More specifically, the complaint alleged that enforcement of the state law is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). On cross-motions for summary judgment, the district judge dismissed the claim against the Commission based on sovereign immunity and dismissed the claim against the individual defendants as unripe. E.F. Transit appealed, challenging only the latter ruling.

## II. Analysis

The FAAAA preempts any state "law, regulation, or other provision having the force and effect of law related to a

price, route, or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). E.F. Transit contends that enforcing the prohibited-interest laws against it falls within the scope of FAAAA preemption by limiting its motor-carrier services. The judge dismissed the claim as unripe because E.T. Transit and Indiana Wholesale walked away from their proposed business relationship without a definitive ruling from the Commission about its legality. E.T. Transit argues that it need not wait for a formal ruling; the potential for prosecution under the prohibited-interest law is sufficient for a ripe preemption claim.

Embedded in the preemption claim—and thus also in the dispute about ripeness—is an antecedent question about whether and how state regulators and the state courts will interpret and apply the prohibited-interest laws to the facts of E.T. Transit's shared ownership and management with Monarch Beverage. Separate state-court litigation has now answered that question.

As relevant here, Indiana law makes it "unlawful for the holder of a brewer's or beer wholesaler's permit to have an interest in a liquor permit of any type under this title." § 7.1-5-9-3(b). Correspondingly, "[i]t is unlawful for the holder of a … liquor wholesaler's permit to have an interest in a beer permit of any type under this title." § 7.1-5-9-6(a). While we've had this appeal under advisement, the Indiana Supreme Court had occasion to authoritatively interpret and apply these statutes to the relationship between E.F. Transit and Monarch. In *Spirited Sales* the court held that the "ties between [E.F. Transit] and Monarch [are] so extensive that [E.F. Transit] could reasonably be deemed to hold an interest

in a beer wholesaler's permit—an interest prohibited by a combined reading of sections 7.1-5-9-6 and 7.1-1-2-5." 79 N.E.3d at 379. The court also explained that the lines between Monarch and E.F. Transit are "quite blurred," making the Commission's conclusion that Monarch and E.F. Transit are "practically one in the same a reasonable inference." *Id.*

The state high court's decision in *Spirited Sales* eliminates any concern that E.F. Transit's preemption claim may be unripe. Ripeness doctrine has both constitutional and prudential aspects. *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). A claim is ripe if it is fit for judicial decision and not resolving it will cause hardship to the plaintiff. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Preemption is a predominantly legal question, *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983), and legal questions are "quintessentially fit" for judicial decision, *Metro. Milwaukee Ass'n of Commerce v. Milwaukee County*, 325 F.3d 879, 882 (7th Cir. 2003) (quotation marks omitted).

Hardship exists in this context if the plaintiff has "an intention to engage in a course of conduct arguably affected with a constitutional interest[] but proscribed by a statute" and "there exists a credible threat of prosecution" under the statute. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). A plaintiff need not engage in the proscribed conduct and expose himself to punishment or prosecution before bringing a constitutional claim. *Id.* But the potential for prosecution must be likely; if a prosecution is unlikely or not even "remotely possible," then the dispute is not "susceptible to resolution by a federal court." *Id.* at 299.

E.F. Transit has clearly demonstrated an intention to transport, warehouse, and deliver liquor for Indiana Wholesale. Their proposed business relationship was memorialized in two agreements, and the parties twice sought the Commission's approval to proceed. Although they abandoned their plans before a formal ruling on the matter, the regulatory red flags raised by the Commission were clearly the cause. And the Indiana Supreme Court has now construed the prohibited-interest statutes to forbid E.F. Transit from entering into an agreement like the one it negotiated with Indiana Wholesale (or any similar company). Although the penalty of permit revocation would fall on Monarch, prosecution for a prohibited-interest violation is a standing threat against both it and E.F. Transit. That's easily enough for a ripe claim.

Accordingly, we reverse the district court's judgment dismissing E.F. Transit's claim as unripe. Only the ripeness question is before us. We have no occasion to weigh in on the merits of the preemption claim.

REVERSED AND REMANDED.